**UNITED STATES of America**

v.

**Reggie RITTER, Appellant.**

No. 09–3824.

United States Court of Appeals,
Third Circuit.

Submitted pursuant to Third Circuit LAR 34.1(a) Monday, Dec. 13, 2010.

Opinion filed: Dec. 29, 2010.

Alphonso G. Andrews, Esq., Office of United States Attorney, Christiansted, VI, for United States of America.

Emile A. Henderson, III, Esq., Law Office of Yvette Ross Edwards, Frederiksted, VI, for Appellant.

Before: McKEE, Chief Circuit Judge, FUENTES and SMITH, Circuit Judges.

## OPINION

McKEE, Chief Judge.

Reginald ("Reggie") Ritter appeals the district court's denial of his "motion to

acquit" and his sentence. For the reasons set forth below, we will affirm.

Because we write primarily for the parties, we set forth only as much of the factual and procedural history of this case as is helpful to our opinion. Ritter was tried by jury for possession and manufacture of marijuana. He was acquitted for possession but convicted for manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1). The jury also found that Ritter manufactured "[l]ess than 100 marijuana plants." Thereafter, the district court denied his motion for judgment of acquittal, and sentenced him to 15 months in prison. This appeal followed.

Ritter argues that the district court erred in denying his motion for a judgment of acquittal, because there was insufficient evidence to support his conviction. He also appeals his sentence. He claims that: the district court treated the sentencing guidelines as mandatory and thus refused a variance, the court invaded the province of the jury by determining the quantity of marijuana plants, and the court failed to adequately consider the § 3553(a) factors.

We will first address Ritter's claim that the evidence was not sufficient to convict him, and we will then address his challenge to his sentence.

## I.

When evaluating the sufficiency of the evidence, "[w]e must view the evidence in the light most favorable to the government and must sustain a jury's verdict if a reasonable jury believing the government's evidence could find beyond a reasonable doubt that the government proved all the elements of the offenses.'" *United States v. Rosario,* 118 F.3d 160, 163 (3d Cir.1997) (quoting *United States v. Salmon,* 944 F.2d 1106, 1113 (3d Cir.1991)). Accordingly, "[a] claim of insufficiency of evidence places a very heavy burden on the appel-

lant." *United States v. Coyle,* 63 F.3d 1239, 1243 (3d Cir.1995).

To sustain a conviction under 21 U.S.C. § 841(a)(1), the government must prove that Ritter: (1) manufactured or aided and abetted another in the manufacture of marijuana, (2) knew the substance being manufactured was marijuana plants, and (3) acted intentionally.

The government presented the following evidence at trial: Agent Christopher Howell testified that marijuana plants were found on property at 87 Mars Hill, Ritter's residence. He also testified that federal agents seized marijuana plants from Ritter's apartment, that equipment had been installed in a "grow room" in Ritter's apartment to aid the manufacture of marijuana, and that marijuana plants require water and fertilizer and cannot simply grow on their own, indicating that someone had been taking care of the plants. Ritter's wife, Sandra Jarvis–Ritter, testified that Ritter was living in the apartment when the marijuana was seized and that Ritter had unrestricted access to the room where marijuana plants were seized. Agent Samuel Abraham testified that Ritter was the only person who appeared to occupy the apartment at the time of the seizure.

■ From this evidence, a reasonable jury could have inferred that Ritter was knowingly and intentionally manufacturing or helping another person manufacture marijuana. Jurors could infer from the fact that the marijuana plants were in Ritter's apartment and the fact that equipment had been installed to aid the growth of the marijuana plants that Ritter was knowingly manufacturing or aiding another in the manufacture of marijuana. Furthermore, because the marijuana was hidden in his apartment, rather than growing outside, a jury could reasonably assume

that Ritter was concerned about anyone learning about what he was doing; thus, supporting an inference that he knew that the substance was marijuana, which is clearly illegal.

Ritter argues that the trial court relied upon facts not in the record. However, there was clearly sufficient evidence for the jury to conclude that Ritter was the knowing, intentional grower of the marijuana found in his apartment. Our conclusion is not undermined by the defense testimony that other people frequently visited the upstairs apartment.

Similarly, Ritter's acquittal of possession does not undermine the sufficiency of the evidence to convict him of manufacturing, because the Supreme Court has explained that a defendant can not escape a conviction supported by the evidence merely because the jury's verdict may have been inconsistent. *See United States v. Powell,* 469 U.S. 57, 67, 105 S.Ct. 471, 478, 83 L.Ed.2d 461 (1984) ("[Sufficiency of the evidence] review should not be confused with the problems caused by inconsistent verdicts. Sufficiency-of-the evidence review involves assessment by the courts of whether the evidence adduced at trial could support any rational determination of guilty beyond a reasonable doubt."); *Boyanowski v. Capital Area Intermediate Unit,* 215 F.3d 396, 407 (3d Cir.2000) ("Inconsistent jury verdicts ... should not, in and of themselves, be used to overturn otherwise valid verdicts.").

Accordingly, we will affirm the district court's denial of the motion to acquit.

## II.

We review Ritter's sentence for abuse of discretion. *Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). We "first ensure that the district court committed no significant procedural error, such as failing to calculate (or im-

properly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range." *Id.* If "the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.*

Ritter first argues that the district court erred by treating the guidelines as mandatory rather than advisory. He attempts to support the claim by relying on the court's statement that: "It is also a fact that I am compelled to use the ... sentencing guidelines." Appellant's Br. at 13; Jt. Appx. at 538 (sentencing transcript).

Ritter ignores that immediately before that statement, the judge states, "Now, Mr. Ritter, as far as your case goes, I find that the guidelines are advisory." *Id.* Ritter also ignores that immediately after the statement he has cherry-picked, the judge states: "I cannot find a good reason, a justifiable reason under the sentencing guidelines to depart." *Id.* Thus, the transcript clearly shows that Judge Finch not only knew that the Sentencing Guidelines were advisory, he also considered departing from them—exactly what *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and its progeny require.

Moreover, the court was correct in stating that it was "compelled to use the [sentencing] guidelines." Jt. Appx. at 538 (trial transcript). "[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall,* 552 U.S. at 49, 128 S.Ct. at 596 (citing *Rita v. United States,* 551 U.S.

338, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007)). However, it does not follow that the court felt bound by the guideline calculations that it had to make, and the sentencing transcript belies Ritter's claim to the contrary.

Ritter next argues that the court invaded the province of the jury by determining the quantity of marijuana plants that Ritter manufactured. The Supreme Court has held "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed *statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362–2363, 147 L.Ed.2d 435 (2000) (emphasis added).

■ A violation of 21 U.S.C. § 841(a) for growing a single marijuana plant carries a sentence of five years in prison. *See* 21 U.S.C. § 841(b)(1)(D). Therefore, the district Court's consideration of the fact that Ritter was in possession of sixty-six plants did not violate his Sixth Amendment rights. The court's finding did not "increase[ ] the penalty for a crime beyond the prescribed *statutory maximum* . . . ." *See Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348; *see also Rita v. United States*, 551 U.S. 338, 352, 127 S.Ct. 2456, 2465–2466, 168 L.Ed.2d 203 (2007) ("This Court's Sixth Amendment cases do not automatically forbid a sentencing court to take account of factual matters not determined by a jury and to increase the sentence in consequence.").

Finally, Ritter argues that the court failed to adequately consider the § 3553(a) factors. Once again, the sentencing transcript belies Ritter's claim. The judge noted that he considered the sentencing report, Jt. Appx. at 538 (sentencing transcript), which includes an analysis of all the § 3553(a) factors. The judge also discussed some of the issues he considered in sentencing, including the difficult situation Ritter found himself in, the acquittal of the other defendants, and the seriousness of the offense, which the court viewed as a "crime which cannot be tolerated." See Jt. Appx. at 538–39 (sentencing transcript). A court is not required to "discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing." *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir.2006), *abrogated on other grounds by Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007).

■ We believe the sentencing transcript reflects that the court adequately considered the § 3553(a) factors. Furthermore, we find that the within-guidelines sentence is reasonable given all of the circumstances here.

### III.

For all the reasons above, we affirm the district courts' judgment of conviction and sentence.